William C. Haggerty, Esq., Bar No. 76652
bill@fwhb.com
Katherine M. Harwood, Esq., Bar No. 225202
kharwood@fwhb.com
FORD, WALKER, HAGGERTY & BEHAR
One World Trade Center, Twenty-Seventh Floor
Long Beach, California 90831-2700
(562) 983-2500 telephone
(562) 590-3573 facsimile

Carl C. Butzer, Esq., Bar No. 03545900 (Pro Hac Vice)
cbutzer@jw.com
Shannon Zmud Teicher, Esq., Bar No. 24047169 (Pro Hac Vice)
steicher@jw.com
JACKSON WALKER, L.L.P.
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Tel. (214) 953-5902; Fax (214) 661-6609

Attorneys for Defendants, THE HOLLIS COMPANY, LLC;
RACHEL HOLLIS and DAVID HOLLIS

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MANNA KO GROUP, INC., a California corporation,<br><br>                    Plaintiff,<br><br>       Vs.<br><br>THE HOLLIS COMPANY, LLC, a Texas corporation; RACHEL HOLLIS, an Individual; and DAVID HOLLIS, an Individual,<br><br>                    Defendants. | Case No. 3:20-cv-1798-WQH (MSB)<br><br>ANSWER TO COMPLAINT FOR FEDERAL REGISTERED TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114; FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125; AND FEDERAL COMMON LAW TRADEMARK INFRINGEMENT AND COUNTER CLAIM; JURY DEMAND<br><br>Complaint filed:      Sept. 13, 2020<br>Current Response Date:   Oct. 16, 2020 |

1

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

**DEFENDANTS'/ COUNTER-PLAINTIFFS' THE HOLLIS COMPANY, RACHEL HOLLIS, AND DAVE HOLLIS ANSWER, DEFENSES, AND COUNTERCLAIMS AGAINST PLAINTIFF / COUNTER-DEFENDANT THE MANNA KO GROUP, INC.**

Defendants/Counter-Plaintiffs THE HOLLIS COMPANY, LLC, RACHEL HOLLIS, AND DAVE HOLLIS (collectively, "Hollis Defendants") file this Answer, Affirmative Defenses, and Counterclaims to Plaintiff/Counter-defendant THE MANNA KO GROUP, INC.'s ("Plaintiff") Complaint. Hollis Defendants deny all allegations made in the Complaint, whether express or implied, that are not specifically admitted below.

I.

**ANSWER**

**PARAGRAPH NO. 1:** For over five years, Manna Ko, CEO and Founder of The Manna Ko Group, Inc. d/b/a Manna For Life®, has been continuously and exclusively using the MADE FOR MORE mark on behalf of Manna For Life throughout the United States and globally to inspire others with her proprietary MADE FOR MORE message through motivational speaking, books, online courses, trainings and workshops, social media, counseling services, and community memberships to effectively overcome trials and tribulations and to thrive in their own lives. Under the MADE FOR MORE mark, Manna For Life helps others to discover their unique gifts and purpose or calling in life with a goal of sharing these gifts with others. Manna For Life has generated significant goodwill and customer recognition in the MADE FOR MORE mark thanks to substantial marketing efforts and monetary investment by Manna For Life in promotion and advertising of the MADE FOR MORE mark and MADE FOR MORE-brand goods and services. Manna For Life's marketing, promotional, and advertising efforts have resulted in consumer recognition that the MADE FOR MORE mark identifies Manna For Life as the source of high-quality products and services.

2

1

2   **RESPONSE:** The Hollis Defendants lack knowledge or information sufficient

3   to form a belief as to the truth of the allegations of paragraph 1, and on that basis deny such allegations.

4   **PARAGRAPH NO. 2:** Despite Manna For Life's success and the immense

5   goodwill Manna For Life has generated in its MADE FOR MORE mark, Manna For

6   Life discovered that Rachel Hollis, her husband David Hollis, and their company The

7   Hollis Company, LLC have been promoting motivational speaking events, books (e.g.

8   a journal), movies, apparel, and other related products and services under the MADE

9   FOR MORE mark since 2018. Since receiving a cease and desist letter and Manna For

10  Life's federal trademark application (which since matured to registration), Hollis Co.

11  has ignored the request and instead doubled-down on expanding and growing her use

12  of the mark nationally—maximizing off the value of Manna For Life's protected

13  trademark. Hollis Co.'s MADE FOR MORE brand products and services are

14  confusingly similar to Manna For Life's use of the identical mark, and Hollis Co.'s

15  use is therefore in violation of Manna For Life's rights.

16  **RESPONSE:** The Hollis Defendants admit that The Hollis Company received a

17  cease and desist letter from Manna For Life, and that The Hollis Company responded

18  to it. Defendants deny the remaining allegations in paragraph 2.

19  **PARAGRAPH NO. 3:** Manna For Life brings this action to stop Hollis Co.'s

20  nationwide infringements of Manna For Life's rights, for damages arising from Hollis

21  Co.'s unlawful conduct, and for preliminary and permanent injunctive relief to prevent

22  Hollis Co. from causing further harm.

23  **RESPONSE:** The Hollis Defendants deny the allegations in paragraph 3.

24  **PARAGRAPH NO. 4:** Plaintiff Manna For Life is a California corporation

25  with its principal place of business in Del Mar, California. Manna For Life owns and

26  controls all rights in the MADE FOR MORE trademark.

27  **RESPONSE:** The Hollis Defendants lack knowledge or information sufficient

28  to form a belief as to the truth of the allegations of paragraph 4, and on that basis deny

3

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

1  such allegations.

2      **PARAGRAPH NO. 5:** Defendant The Hollis Company, LLC is a Texas

3  corporation with a previous principal place of business of 6900 Scenic Brook Drive,

4  Austin, Texas, but having registered the corporation in California under filing

5  202007710231 in March 2020 and on information and belief having relocated all or

6  some of its operations to California.

7      **RESPONSE:** The Hollis Defendants admit that The Hollis Company is a Texas

8  corporation with its principal place of business at 6900 Scenic Brook Drive, Austin,

9  Texas. The Hollis Defendants also admit that The Hollis Company filed to do

10  business in California in March 2020. The Hollis Defendants deny the remaining

11  allegations in paragraph 5.

12      **PARAGRAPH NO. 6:** On information and belief on July 12, 2019, the

13  individual defendants formed the company The Hollis Company, LLC, which

14  Defendant Chic Media, LLC was "merged out" to. Chic Media, LLC was a member-

15  managed California limited liability company which existed during much of the

16  infringement and was the corporate shell through which the individual Hollis

17  defendants acted until, on information and belief, on or around September 3, 2019,

18  when they assigned their "Made for More" trademark application to Defendant The

19  Hollis Company, LLC. From 2014 until sometime prior to late 2019, Defendants

20  (including Chic Media LLC) resided in San Clemente, California. The Hollis

21  Company, LLC is the successor in interest, merged-out company, and liable for all

22  acts of Chic Media, LLC.

23      **RESPONSE:** The Hollis Defendants admit that (1) The Hollis Company, LLC

24  was formed as a Texas limited liability company on July 12, 2019, (2) Chic Media,

25  LLC was merged into the Hollis Company, and (3) Chic Media, LLC was member-

26  managed. The Hollis Defendants also admit that The Hollis Company is the successor

27  in interest to Chic Media, LLC. The Hollis Defendants deny that the individual

28  defendants formed The Hollis Company as a "shell" to protect the individual Hollis

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

Defendants. Defendants admit that Dave Hollis and Rachel Hollis lived in California until they moved to Texas in 2018. The Hollis Defendants deny the remaining allegations of paragraph 6.

**PARAGRAPH NO. 7:** Defendant Rachel Hollis is Founder of The Hollis Company, LLC (and predecessor company Chic Media, LLC) and resides in Texas.

**RESPONSE:** The Hollis Defendants admit the allegations in paragraph 7.

**PARAGRAPH NO. 8:** Defendant David Hollis is CEO of The Hollis Company, LLC (and predecessor company Chic Media, LLC) and resides in Texas.

**RESPONSE:** The Hollis Defendants admit that Dave Hollis resides in Texas. The Hollis Defendants deny the remaining allegations in paragraph 8.

**PARAGRAPH NO. 9:** This action arises under Federal law, the provisions of the Trademark laws of the United States (the Lanham Act), as amended, 15 U.S.C. §§ 1114, 1125(a), and under, inter alia, the statutes and common laws of the State of California.

**RESPONSE:** This paragraph asserts legal conclusions to which no response is required; but to the extent any factual allegation is made, it is denied.

**PARAGRAPH NO. 10:** This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (trademark) because this action arises under the trademark laws of the United States. In addition, this Court has original subject matter jurisdiction over the state unfair competition claims under 28 U.S.C. § 1338(b), as they are joined with a substantial and related claim under the federal trademark laws, and supplemental jurisdiction over the state-law claims is present because they arise from the same nucleus of operative facts under 28 U.S.C. § 1367 as to be part of the same case or controversy under Article III of the United States Constitution.

**RESPONSE:** This paragraph asserts legal conclusions to which no response is required; but to the extent any factual allegation is made, it is denied.

**PARAGRAPH NO. 11:** This Court has personal jurisdiction over Defendants

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

because they have extensive minimum contacts with the State of California. The Hollis Company, LLC, Rachel Hollis as Founder and the face of The Hollis Company, LLC (and predecessor company Chic Media, LLC), and Dave Hollis as Rachel's husband and CEO of The Hollis Company, LLC, have purposefully availed themselves of the privileges and laws of California, directing promotional and marketing efforts for products and services under the infringing MADE FOR MORE mark toward customers who reside in California, selling tickets to the MADE FOR MORE movie to be shown at numerous theaters in California, putting on at least one speaking engagement in 2019 in San Diego, California under the MADE FOR MORE mark and at which products were promoted and sold under the MADE FOR MORE mark, and otherwise has continuous and systematic contacts with this state, and knowingly directing intentional trademark infringement at Manna For Life as a California corporation with its headquarters, brunt of harm, and trademark home situs being in California and on information and belief for the purpose of benefiting from the goodwill developed by Manna For Life in the infringed mark—intending both for the mark's use to benefit each and all of them in their profiting from a California-based mark and from targeting the massive California audience. In addition, until late 2019, on information and belief Defendants resided in San Clemente, California.

**RESPONSE**: The Hollis Defendants admit that Rachel Hollis is a founder of The Hollis Company and its predecessor company, Chic Media. The Hollis Defendants deny the remaining allegations of paragraph 11.

**PARAGRAPH NO. 12:** Venue is proper in this judicial district under 28 U.S.C § 1391 because a substantial portion of the events or omissions giving rise to the claims occurred in this district, and Defendants reside in this district by virtue of being subject to personal jurisdiction in this judicial district by, among others, their repeated availment and direction of their activities toward this district, including, but not limited to, selling tickets to and showing the MADE FOR MORE movie in this district, hosting one or more MADE FOR MORE branded events in San Diego in

6

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

which products and services are promoted and sold under the MADE FOR MORE mark in this district, and the actions alleged herein.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 12, and deny that venue is proper in this district.

**PARAGRAPH NO. 13:** Manna For Life is an innovative faith-based leadership company creating relevant educational, inspirational, and visionary programs and events to teach individuals and groups about living more purposeful, fulfilling, and authentic lives by understanding and living out their calling. At its core is Manna For Life's motivational speaking engagements, online classes, books and merchandise.

**RESPONSE:** The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis deny such allegations.

**PARAGRAPH NO. 14:** Manna Ko, CEO and Founder of the Manna Ko Group, Inc., is an entrepreneur, author, business and life strategist, educator, leadership trainer, and counsellor. Her relevant actions alleged herein were taken on behalf of Manna For Life.

**RESPONSE:** The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and on that basis deny such allegations.

**PARAGRAPH NO. 15:** Ms. Ko has authored numerous articles, papers, curricula, and over a dozen books, including her autobiographical novel Made for More. She travels throughout the United States and around the world teaching about and training people in catalytic thinking, specifically, how to change thought behaviors to bring about positive results.

**RESPONSE:** The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis deny such allegations.

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

**PARAGRAPH NO. 16:** Over the past almost thirty (30) years, Ms. Ko has spoken to over 40,000 people and worked with hundreds of businesses and organizations in more than nine (9) countries, has contributed to numerous educational, disciplinary and advisory boards, and is an Ordained Leader with Third Day Churches.

**RESPONSE:** The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis deny such allegations.

**PARAGRAPH NO. 17:** Manna For Life is the owner of U.S. Trademark Registration No. 6,110,423 for the mark MADE FOR MORE for use on or in connection with "Books in the field of spirituality and self-help; Children's books; Cook books; Religious books; Series of fiction and non-fiction books on a variety of topics" in Class 16 and "Educational and entertainment services, namely, providing motivational speaking services in the field of spirituality, relationship issues, child rearing, health and wellness, business and personal development, leadership and self-help; Educational services, namely, conducting online courses, in person courses, training, coaching, workshops, organizational events in the field of leadership, self-help, personal development, business development, team training, health and wellness, relationship issues, child rearing, and spirituality and distribution of course and educational materials in connection therewith; Entertainment services, namely, providing podcasts in the field of self-help, relationship issues, child rearing, leadership, mentoring, spirituality, and personal and business growth" in Class 41. A true and correct copy of the certificate of registration is attached as Exhibit A.

**RESPONSE:** The Hollis Defendants admit that Exhibit A appears to be a copy of Reg. No. 6,110,423, but deny that Plaintiff's registration is valid and, furthermore, deny the purported mark is valid.

**PARAGRAPH NO. 18:** Manna For Life also owns U.S. Trademark Registration No. 5,679,595 for the mark KNOW YOUR MORE. OWN YOUR

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

MORE. LIVE YOUR MORE. for "Educational and entertainment services, namely, providing motivational speaking services in the field of spirituality, relationship issues and child rearing, health and wellness, business and personal development, leadership and self-help; Educational services, namely, conducting online courses, in person courses, training, coaching, workshops, organizational events in the field of leadership, self- help, personal development, business development, team training, health and wellness, relationship issues and child rearing, and spirituality and distribution of course and educational materials in connection therewith; Personal coaching services in the field of spirituality, business and personal development, leadership and self-help; Educational and entertainment services, namely, a continuing program about life coaching, mentoring, self-help, leadership, health and wellness, business and personal growth and a variety of other lifestyle areas accessible by means of radio, television, computers, tablets and mobile devices; Entertainment services, namely, providing podcasts in the field of self-help, relationship issues and child rearing, leadership, mentoring, spirituality, and personal and business growth" in Class 41. A true and correct copy of the certificate of registration is attached as Exhibit B.

**RESPONSE:** The Hollis Defendants admit that Exhibit B appears to be a copy of Reg. No. 5,679,595.  The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and on that basis deny such allegations.

**PARAGRAPH NO. 19:** Additionally, Manna For Life owns extensive common law rights in the MADE FOR MORE mark dating back to at least as early as 2015 in connection with, among other goods and services, books, online courses, workshops, training seminars, motivational speaking and counselling services.

**RESPONSE:** The Hollis Defendants deny that the purported mark is valid. The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19, and on that basis deny such

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

allegations.

**PARAGRAPH NO. 20:** At least as early as 2014, Manna For Life adopted and began using the MADE FOR MORE mark when Manna Ko named her autobiographical novel Made for More.

**RESPONSE:** The Hollis Defendants deny that the purported mark is valid. The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20, and on that basis deny such allegations.

**PARAGRAPH NO. 21:** Since that date, Manna For Life has continuously and exclusively used the MADE FOR MORE mark alone, with other terms, and with various designs and stylizations in connection with books, motivational speaking, online courses, trainings and workshops, counselling services, and community memberships throughout the United States and globally.

**RESPONSE:** The Hollis Defendants deny that the purported mark is valid. The Hollis Defendants deny that Manna For Life has exclusively used the phrase "Made for More." The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21, and on that basis deny such allegations.

**PARAGRAPH NO. 22:** Manna For Life owns over twenty-one (21) domain name registrations for domains that incorporate the MADE FOR MORE mark, almost all of which were registered in 2014 and 2015.

**RESPONSE:** The Hollis Defendants deny that the purported mark is valid. The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22, and on that basis deny such allegations.

**PARAGRAPH NO. 23:** Before the release of the Made for More autobiography in 2015, Manna Ko began traveling around the United States and globally delivering her proprietary MADE FOR MORE branded message of

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

Fundamental Principles at events and workshops and to private groups. In delivering her MADE FOR MORE message on behalf of Manna For Life, Ms. Ko has and continues to lead and inspire others with the MADE FOR MORE-branded message. Manna For Life's tools and motivation lead others to effectively overcome trials and tribulations and to thrive in their own lives, helping them discover their unique gifts and purpose or calling in life with a goal of sharing these gifts with others.

**RESPONSE:** The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and on that basis deny such allegations.

**PARAGRAPH NO. 24:** Throughout the motivational speaking engagements and messaging of Manna For Life, the MADE FOR MORE trademark has been and continues to be used as a source identifier prominently in both printed presentation materials and in the presentations themselves. Manna For Life, including through Manna Ko, has continued consistently to make these interstate presentations under the MADE FOR MORE mark since the release of the Made for More book, and Manna Ko regularly speaks on behalf of Manna For Life across the country. And the marketing and promotion of these engagements and related online materials is consistently under the MADE FOR MORE brand.

**RESPONSE:** The Hollis Defendants deny that the purported mark is valid. Defendants also deny that "Made for More" is a source identifier for Manna For Life. The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24, and on that basis deny such allegations.

**PARAGRAPH NO. 25:** Since 2015, Manna For Life, through Ms. Ko, has consistently and repeatedly delivered its motivational speaking services under the MADE FOR MORE mark to groups in numerous states, including by way of example, but not limited to, Arizona, Oregon, New Mexico, Washington, California, and

11

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

Minnesota. See copies of flyers and confirmation/reminder emails attached as Exhibit C.

**RESPONSE:** The Hollis Defendants deny that the purported mark is valid. The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25, and on that basis deny such allegations.

**PARAGRAPH NO. 26:** Presales and marketing activities for the Made for More book in 2015, leading to the Made for More book release in September 2015. The book was offered for sale and sold on Amazon.com starting October 19, 2015. See screenshot of Amazon purchasing page attached as Exhibit D.

**RESPONSE:** The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and on that basis deny such allegations.

**PARAGRAPH NO. 27:** At the same time as the Made for More book release, Manna For Life also released a MADE FOR MORE book trailer (similar to a movie trailer) to promote the Made for More book.

**RESPONSE:** The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and on that basis deny such allegations.

**PARAGRAPH NO. 28:** Shortly after the Made for More book release, Manna For Life produced and promoted the Made for More audiobook, which enlisted over twenty- four (24) actors playing 120 different roles and had at least 200 sound effects and a musical score. This was promoted as an audio movie, due to the complexity and extent of the production.

**RESPONSE:** The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and on that basis deny such allegations.

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

**PARAGRAPH NO. 29:** In 2016, Manna For Life promoted and released the Made for More audiobook trailer.

**RESPONSE:** The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and on that basis deny such allegations.

**PARAGRAPH NO. 30:** Also in 2016, Manna For Life released the second MADE FOR MORE book, I am Made for More, which includes original artwork, carefully chosen passages from the Made for More book, and writing prompts to inspire users to tell their own MADE FOR MORE stories. See screenshot of Amazon purchasing page attached as Exhibit E. With the release of I am Made for More, Manna For Life created the MADE FOR MORE book series.

**RESPONSE:** The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and on that basis deny such allegations.

**PARAGRAPH NO. 31:** Since 2017, Manna For Life has added to its MADE FOR MORE book series by releasing several more MADE FOR MORE books authored by Manna Ko. See attached Exhibit E-1.

**RESPONSE:** The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and on that basis deny such allegations.

**PARAGRAPH NO. 32:** In 2015 and 2017, Manna For Life promoted and offered online courses under the MADE FOR MORE mark to teach others how to tell their MADE FOR MORE stories. See emails related to the MADE FOR MORE online course attached as Exhibit F.

**RESPONSE:** The Hollis Defendants deny that the purported mark is valid. The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32, and on that basis deny such allegations.

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

1   **PARAGRAPH NO. 33:** By no later than 2018, Manna For Life created the
2   MADE FOR MORE community membership, MADE FOR MORE Happy Place.
3   With a payment of $10, $35, or $75/month, members have access to the MADE FOR
4   MORE community and receive daily prophetic messages, downloads, ebooks,
5   personalized calls with Manna Ko, and discounts on workshops, training and events,
6   and other products and merchandise. See attached Exhibit G. This includes apparel
7   and other merchandise, such as the below shirt:



22   **RESPONSE:** The Hollis Defendants lack knowledge or information sufficient
23   to form a belief as to the truth of the allegations of paragraph 33, and on that basis
24   deny such allegations.
25   **PARAGRAPH NO. 34:** Due to the wide-spread promotion and popularity of
26   the Made for More books and associated MADE FOR MORE-branded online courses,
27   workshops, and events, the Made for More books are now available for purchase in

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

fourteen (14) countries and Manna Ko is invited to speak at events globally to teach others how to tell their MADE FOR MORE stories.

**RESPONSE:** The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and on that basis deny such allegations.

**PARAGRAPH NO. 35:** Manna For Life owns and operates a website at www.mannaforlife.com, where it prominently displays the valuable MADE FOR MORE mark, and promotes its goods and services. See attached Exhibit H. Furthermore, Manna For Life is the registered owner of twenty-one (21) domain names incorporating the designation MADE FOR MORE, almost all of which were purchased in 2014 and 2015.

**RESPONSE:** The Hollis Defendants deny that the purported mark is valid. The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35, and on that basis deny such allegations.

**PARAGRAPH NO. 36:** Manna For Life's MADE FOR MORE brand is widely-promoted and known across the U.S., and strengthened further because Manna For Life actively promotes its MADE FOR MORE mark and MADE FOR MORE-branded goods and services via social media platforms, including Facebook, Instagram, Twitter, YouTube, and Pinterest. See attached Exhibit I.

**RESPONSE:** The Hollis Defendants deny that the purported mark is valid. The Hollis Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36, and on that basis deny such allegations.

**PARAGRAPH NO. 37:** Thanks to its substantial marketing efforts, monetary investment in promotion and advertising, and hard-earned reputation of the MADE FOR MORE mark and MADE FOR MORE-brand goods and services, Manna For

15

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

1   Life has generated significant goodwill and customer recognition in the MADE FOR
2   MORE mark.
3          **RESPONSE:** The Hollis Defendants deny that the purported mark is valid or
4   that it functions as a source identifier. The Hollis Defendants lack knowledge or
5   information sufficient to form a belief as to the truth of the allegations of paragraph
6   37, and on that basis deny such allegations.
7          **PARAGRAPH NO. 38:** Manna For Life's marketing, promotional, and
8   advertising efforts have resulted in consumer recognition that the MADE FOR MORE
9   mark identifies Manna For Life as the source of high-quality products and services.
10  The MADE FOR MORE mark is distinctive of Manna For Life's products and
11  services and is well-known throughout the United States.
12         **RESPONSE:** The Hollis Defendants deny that the purported mark is valid or
13  that it functions as a source identifier. The Hollis Defendants deny the remaining
14  allegations of paragraph 38.
15         **PARAGRAPH NO. 39:** Manna For Life has not abandoned the mark as to any
16  of the above services.
17         **RESPONSE:** The Hollis Defendants deny that the purported mark is valid or
18  that it functions as a source identifier. The Hollis Defendants lack knowledge or
19  information sufficient to form a belief as to the truth of the remaining allegations of
20  paragraph 39, and on that basis deny such allegations.
21         **PARAGRAPH NO. 40:** Rachel Hollis is an American author, motivational
22  speaker, entrepreneur, and blogger. She founded The Hollis Company, LLC, in which
23  her husband, Dave Hollis, is CEO, and which is described as a lifestyle brand that,
24  according to https://thehollisco.com/pages/about-us, "arm[s] people with the tools to
25  make positive and lasting change …[by] creating media, products, inspiration and
26  community that challenge[s its] audience to reach for a better version of themselves
27  every day." See screenshot from thehollisco.com website as Exhibit J.
28

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

**RESPONSE:** The Hollis Defendants admit the first sentence of paragraph 40 and that Rachel Hollis founded the Hollis Company. The Hollis Defendants admit that Exhibit J appears to be a screenshot from thehollisco.com, but the document speaks for itself.  The Hollis Defendants deny the remaining allegations of paragraph 40.

**PARAGRAPH NO. 41:** Rachel Hollis promotes her lifestyle brand on multiple social media platforms and currently has almost 2 million followers on Instagram and Facebook each, and reports that each of her posts average about 55k "likes". She promotes herself as a New York Times best-selling author who has written three self-help novels and two cookbooks, produced and starred in a documentary film, has a popular personal development podcast, and oversees a motivational speaking circuit that attracts thousands of attendees to each conference. Not content with her own brand, Hollis Co.—run by the then-husband and wife team of the individual defendants named herein—adopted the MADE FOR MORE mark in connection with promoting Hollis Co.'s products and services in 2018.

**RESPONSE:** The Hollis Defendants admit that the Hollis Company promotes Rachel Hollis and various brands on multiple social media platforms. The Rachel Hollis Facebook page, which is @rachelholliswrite has approximately 1.8 million followers. The Instagram account @msrachelhollis has approximately 1.7 million followers. The Hollis Defendants also admit that Rachel Hollis is a New York Times best-selling author who has written at least three self-help novels and two cookbooks, starred in a documentary film, hosts a personal development podcast, and is a motivational speaker. The Hollis Defendants specifically deny the last sentence and the remaining allegations of paragraph 41.

**PARAGRAPH NO. 42:** In January 2018, the documentary film Made for More, produced by and starring Rachel Hollis and Dave Hollis and filmed at The Hollis Company, LLC, was released. Themed similar (at its broadest level) with Manna for Life's MADE FOR MORE focus, the film was promoted as offering tools to help one discover the best version of themselves. The Made for More documentary

17

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

was shown in theaters all over the United States and is still available to view on

Amazon.com. The result has been to bury Manna for Life's Google MADE FOR

MORE search results and Amazon pages, confirming the substantial revenues

Defendants have realized from their infringing activity.

**RESPONSE:** The Hollis Defendants admit Rachel Hollis and Dave Hollis

starred in a documentary film, Rachel Hollis Presents: Made for More, were executive

producers of the same, and that it was promoted by Amazon as offering tools to help

one discover the best version of themselves. Defendants admit that the documentary

was shown in theatres in the United States and is still available to view on

Amazon.com. Defendants deny the remaining allegations in paragraph 42.

**PARAGRAPH NO. 43:** Also in 2018, Hollis Co. began marketing a series of

motivational speaking events that were held in cities all over the U.S. and hosted by

Rachel Hollis. Departing from her book title "Girl, Wash Your Face," by no later than

2019, she began using used the very different brand "MADE FOR MORE" for these

motivational speaking events as well as selling apparel such as hats and shirts,

journals, tote-bags, and jewelry under the MADE FOR MORE mark. Hollis Co. also

created a private Facebook group called Made For More, the purpose of which is to

inspire personal growth and self-awareness. The "Made for More" Facebook group

currently has almost 150k members.

**RESPONSE:** The Hollis Defendants admit that in 2018, the Hollis Company

began marketing a series of motivational speaking events under the "RISE" trademark

that were held in cities in the U.S. and hosted by Rachel Hollis. The Hollis Defendants

also admit that Hollis Company created a private Facebook group. The Hollis

Defendants deny the remaining allegations in paragraph 43.

**PARAGRAPH NO. 44:** On June 21, 2018, The Hollis Company, LLC filed a

U.S. trademark application for the mark MADE FOR MORE for "jewelry, namely,

bracelets and pins, inspired by public figure and influencer Rachel Hollis" in Class 14,

"apparel, namely, hats, inspired by public figure and influencer Rachel Hollis" in

Class 25, and "entertainment services, namely, live event series featuring inspiring stories of women at a 2-day personal development conference led by public figure and influencer Rachel Hollis" in Class 41, claiming a date of first use in interstate commerce for all three classes as January 1, 2018 (Application Serial No. 88/008,759). However, on information and belief, the first use date was not in fact until at least Summer 2018. A printout from TESS is attached as Exhibit K.

**RESPONSE:** The Hollis Defendants admit that Exhibit K appears to be a printout from TESS, and such document speaks for itself.  The Hollis Defendants deny the remaining allegations in paragraph 44.

**PARAGRAPH NO. 45:** This application was filed after Manna For Life's MADE FOR MORE trademark application, and engaged in the blatant tactic of attempting to slide past the examiner by actually inserting in the description of goods and services the phrase "public figure and influencer Rachel Hollis." No matter, the USPTO saw through this ineffective tactic, and Application Serial No. 88/008,759 was promptly suspended on October 12, 2018 pending registration of Plaintiff's U.S. trademark registration for the same mark in Classes 16 and 21 on the grounds that the mark is likely to cause confusion with Manna for Life MADE FOR MORE mark. See Suspension Letter for Application Serial No. 88/008,759 attached as Exhibit L.

**RESPONSE:** The Hollis Defendants admit that Application Serial No. 88/008,759 was filed after Manna For Life's application. The Hollis Defendants also admit that Application Serial No. 88/008,759 was temporarily suspended on October 12, 2018 and that Exhibit L appears to be the suspension letter for Application Serial No. 88/008,759, but that such document speaks for itself. The Hollis Defendants deny the remaining allegations in paragraph 45.

**PARAGRAPH NO. 46:** Once Manna For Life became aware of Hollis Co.'s unauthorized use of the MADE FOR MORE mark for identical and related products and services, Manna For Life sent a cease and desist letter dated January 30, 2019, requesting that Hollis Co. immediately cease and forever desist from using the MADE

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

FOR MORE mark in connection with its lifestyle-brand business, further notifying Defendants that Manna For Life and Hollis Co. were targeting the same customers, including, but not limited to those customers in California. A true and correct copy of the cease and desist letter dated January 30, 2019 is attached as Exhibit M.

**RESPONSE:** The Hollis Defendants admit that The Hollis Company received a cease and desist letter from Manna For Life. The Hollis Defendants admit that Exhibit M appears to be a copy of the cease and desist letter, but that such document speaks for itself. The Hollis Defendants deny the remaining allegations of paragraph 46.

**PARAGRAPH NO. 47:** Since at least as early as October 12, 2018, when the United States Patent and Trademark Office issued the Suspension Letter attached as Exhibit L, Hollis Co. had actual notice of Manna For Life's prior rights in the MADE FOR MORE mark, which was further confirmed by Defendant's receipt and acknowledgment of Manna For Life's cease and desist letter that was dated January 30, 2019. On information and belief, Hollis Co. filed its trademark application using a description of services designed with reference to, and designed to avoid detecting the likely confusion with, Manna For Life's then-pending application—which application confirmed that Manna For Life had been using the mark since well before Hollis Co.

**RESPONSE:** The Hollis Defendants deny the allegations set forth in paragraph 47.

**PARAGRAPH NO. 48:** Notwithstanding Hollis Co.'s actual notice of Manna For Life's senior rights in the MADE FOR MORE mark and Manna For Life's request that Hollis Co. cease using the MADE FOR MORE mark, Defendants continued to promote their lifestyle branded products and services around the country (and beyond) under the MADE FOR MORE mark, willfully trading of Manna for Life's goodwill in the MADE FOR MORE brand, including to customers in the State of California. Given Manna for Life's reputation extends into Canada, the damage felt internationally was particularly acute, leading to instances of actual confusion and

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

1    reported tarnishment due to association. In fact, after notice, Hollis Co. extensively
2    expanded its use of the infringing mark.

3    **RESPONSE:** The Hollis Defendants deny the allegations set forth in paragraph
4    48.

5    **PARAGRAPH NO. 49:** Examples of the infringement, in addition to those
6    noted above include clothing with the infringing mark, particularly damaging given
7    that each shirt worn in public is seen and read by hundreds or even thousands of
8    people, creating a massive amount of infringing footprint from the clothing alone.
9    This includes QVC (indirect or contributory infringement) pages from 2019 and even
10   September 8, 2020, and Defendants' website screenshots from 2019, and other
11   merchandise sold by Defendants (including social media posts dating back to late
12   2018):

13
14   
15
16   
17
18
19
20
21
22
23
24
25
26
27
28

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND






Social Media Example



ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QVC Examples






23

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

Best Seller

Rachel Hollis Ltd. "Made for More" Sweatshirt

$33.28  ~~$56.00~~

or 3 Easy Pays of $11.09

40% Off

More Colors Available



ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

**RESPONSE:** The Hollis Defendants admit that paragraph 49 appears to include various screenshots from social media and the web, and if accurate, speak for themselves. The Hollis Defendants deny the remaining allegations set forth in paragraph 49.

**PARAGRAPH NO. 50:** While ignorance of the law is no excuse, Defendants lacked even such irrelevant excuse. On information and belief, as Defendant David Hollis touts himself as a former Disney executive, he was familiar with trademark law rules and knew or should have immediately known upon notice that Hollis Co. had no lawful right to make trademark use of the same exact mark as senior user Manna For Life. At all relevant times, Defendants intended to and did intend to capitalize on the MADE FOR MORE mark as a brand and for broad commercial purposes, including merchandise, motivational speaking, and other goods and services.

**RESPONSE:** The Hollis Defendants admit that Dave Hollis is a former Disney executive, but deny the remaining allegations set forth in paragraph 50.

**PARAGRAPH NO. 51:** Manna For Life's date of first use in commerce of the MADE FOR MORE mark in connection with books, motivational speaking engagements, and personal development and self-help precedes Hollis Co.'s date of first use in commerce of the identical MADE FOR MORE mark for identical and related products and services by almost three years. Furthermore, Manna For Life's federal application to register the MADE FOR MORE mark in Classes 16 and 41 precedes Hollis Co.'s application to register the same mark, and Hollis Co.'s notice of application and bad faith application cuts off any potential assertion of the attempt to somehow acquire common law rights. To the contrary, it is Manna For Life that acquired substantial common law rights under state law by virtue of Manna For Life's nationwide use in commerce of the MADE FOR MORE mark, including in the State of California. And Manna For Life's registration entitles it to nationwide ownership as of its first-use date recorded with the USPTO (2015) in light of its issued registration.

1  Therefore, Manna For Life has priority of rights to use and enforce the MADE FOR
2  MORE mark against Hollis Co.

3        **RESPONSE:** The Hollis Defendants admit that Manna For Life's federal
4  application to register MADE FOR MORE was filed before Hollis Co.'s Application
5  Serial No. 88/008,759 was filed, but deny the remaining allegations set forth in
6  paragraph 51.

7        **PARAGRAPH NO. 52:** All elements of prior use and priority of rights of
8  Section 15 of the Lanham Act, 15 U.S.C. § 1065, are met by Manna For Life.

9        **RESPONSE:** The Hollis Defendants deny the allegations set forth in paragraph
10  52.

11        **PARAGRAPH NO. 53:** Neither Rachel nor Dave Hollis, nor The Hollis
12  Company, LLC, have acquired the rights to use the MADE FOR MORE mark from
13  Manna For Life. Their use was not in good faith, and was a commercial use for
14  commercial purposes.

15        **RESPONSE:** The Hollis Defendants deny that the purported mark is valid or
16  that it functions as a source identifier. The Hollis Defendants admit that they have not
17  acquired the rights to use the purported mark from Plaintiff. The Hollis Defendants
18  deny the remaining allegations set forth in paragraph 53.

19        **PARAGRAPH NO. 54:** Upon information and belief, Defendants
20  intentionally, willfully, and knowingly adopted the MADE FOR MORE mark, which
21  is confusingly similar to Manna For Life's MADE FOR MORE mark, and did so with
22  knowledge and total disregard for Manna For Life's prior trademark rights. On
23  information and belief, at least the following evidence of willfulness exists, including
24  what many third parties have documented as history of plagiarism and copying
25  without attribution, copies of exemplative third-party articles on the topic being
26  attached as Exhibit N:

27        (a)    The title of her 2019 book is a close copy of a popular book released 2
28                 years earlier:

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

Girl, Stop Apologizing: A
Shame-Free Plan for
Embracing and...
› Rachel Hollis
Hardcover
$14.99 ✓prime

Hey Ladies, Stop
Apologizing ... and Other
Career Mistakes Women...
Maja Jovanovic
Paperback
$24.94 ✓prime

1
2
3
4

    (b)    Defendants' publicly-promoted content is promoted as Rachel Hollis's

5              own motivational messages when in fact much of it is creative statements

6              of others without attribution, and at most inconsequential Thesaurus-level

7              changes or other minor modifications, for example:

8
9
10
11



12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

27

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

1
2
3
4
5
6
7
8
9
10

"WHEN YOU REALLY WANT
SOMETHING, YOU WILL FIND
A WAY. WHEN YOU DON'T
REALLY WANT SOMETHING,
YOU'LL FIND AN EXCUSE."

— RACHEL HOLLIS

11
12



Jim Rohn Official
@OfficialJimRohn

13
14
15
16

"If you really want to do something, you'll find a way. If
you don't, you'll find an excuse." -- Jim Rohn

10:30 PM · Sep 7, 2014 · Facebook

17
18
19
20
21
22
23



Rachel Hollis
February 18, 2011 ·

This Just In... our Craft section will now be known as "DIY Not?" Get it?
As in, why not try and do it yourself. This may or may not because of
copyright infringement on the word "Crafternoon". Whatever copyright
owner, we don't need your stupid word!

👍 Like        💬 Comment        ↪ Share

24
25
26
27
28

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







29

 



ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EVERY YEAR YOU CLOSE
A NEW CHAPTER
IN YOUR STORY.
PLEASE...DON'T WRITE
THE SAME ONE
SEVENTY-FIVE TIMES AND
CALL IT A LIFE.
RACHEL HOLLIS

**Robin Sharma** ✓
@RobinSharma

Don't live the same year 75 times and call it a life.

7:00 AM · Nov 8, 2014 · Twitter Ads

"FOR ALL MY *DREAMERS*, FOR ALL
MY *HUSTLERS*, FOR ALL MY GIRLS
READING THIS WHO ARE BUILDING
AND PLANNING, DON'T YOU DARE
COMPARE YOUR *BEGINNING* WITH
SOMEONE ELSE'S *MIDDLE!*"

    - RACHEL HOLLIS





31

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

(c)      To redirect online self-improvement health and wellness interest online to themselves, when Defendants launched "the RISE app" they did so with a promotional statement promoting it as a  "judgment-free zone" saying the "app price is $9.99 a month –  way less than any gym membership," while Planet Fitness's  federally-trademarked slogan is "The Judgment Free Zone®"  and promotes a membership price of $9.99.

**RESPONSE:** The Hollis Defendants deny the allegations set forth in paragraph 54(a), (b), and (c).

**PARAGRAPH NO. 55:** Defendants' promotion of apparel and jewelry and the motivational speaking engagements under the MADE FOR MORE mark was, is and will continue to be likely to cause confusion, or to cause mistake, or to deceive and mislead as to the source, origin, sponsorship or approval of Defendants' products and services, and suggests that Defendants or their products and services have an affiliation, sponsorship with or approval by Manna For Life, which they do not have. The continued use and expansion of mark usage for services and goods far beyond the use as a mere title, including after notice of infringement and rejection of a trademark application for reasons of likely confusion, constitutes bad faith usage, intentional trading off the goodwill of the exact same mark used by Manna For Life for overlapping services and audiences, and was and is intended to cause actual deception. Manna for Life has suffered substantial damage from the infringement, including lost event bookings due to the confusion and negative association with Defendants.

**RESPONSE:** The Hollis Defendants deny the allegations set forth in paragraph 55.

**PARAGRAPH NO. 56:** Defendants' use of the MADE FOR MORE mark in connection with their lifestyle brand is damaging and causing irreparable harm to Manna For Life, and unless enjoined, Defendants' confusing and deceptive misuse of Manna For Life's reputable MADE FOR MORE mark will continue to damage and irreparably harm Manna For Life as well as the consuming public.

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

**RESPONSE:** The Hollis Defendants deny the allegations set forth in paragraph 56.

**PARAGRAPH NO. 57:** The damages have been particularly aggravated by tarnishment in recent months by the inconsistent messaging of Hollis Co. and its two principals Rachel and David Hollis. Particularly, in the midst of promoting a how-to marriage seminar, in a very public filing the couple filed for divorce. Without intending to impugn the act of divorce in many contexts, it can certainly be said that a couple toting their marriage as the ideal for Rachel Hollis's audience to emulate, and charging $2500 per couple for the privilege of attending weekend marriage conferences to learn their secrets to success, should not be promoting such Hollis-lead marriage seminars when they are on the brink of and now getting a divorce. In fact, their promotion of the marriage retreats continued up to one week before their divorce announcement, in which they admitted having large issues for years and indicating they should have divorced years ago. A large segment of the public familiar with the matter came out immediately and strongly denouncing the development. The purported strength of their marriage was a key feature of Rachel Hollis' presentations. Now, because the market was flooded by Hollis Co.'s years of use of MADE FOR MORE branding associated (at least in part) with Rachel and David Hollis's marriage, the consuming public has become overwhelmed with the inevitable tarnishment that this recent revelation has caused due to its association with the infringing MADE FOR MORE mark.

**RESPONSE:** The Hollis Defendants deny the allegations set forth in paragraph 57.

**PARAGRAPH NO. 58:** Rachel Hollis made substantial public appearances associating with the MADE FOR MORE mark, and continues to do so to this day. This included podcasts, Good Morning America, Oprah, and a talk with Tony Robbins, just to name a few.

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

**RESPONSE:** The Hollis Defendants admit that Rachel Hollis has made public appearances, including those listed by Plaintiff. The Hollis Defendants deny the remaining allegations in paragraph 58.

///

///

FIRST COUNT

TRADEMARK INFRINGEMENT

UNDER THE LANHAM ACT IN VIOLATION OF 15 U.S.C. § 1114

**PARAGRAPH NO. 59:** Manna For Life repeats and re-alleges all allegations in this Complaint as if fully set forth herein.

**RESPONSE:** The Hollis Defendants repeat and re-allege all responses in this Answer as if fully set forth herein.

**PARAGRAPH NO. 60:** Manna For Life is the owner of the MADE FOR MORE mark, which is a federally registered, valid, inherently distinctive, and protectable trademark. Manna For Life has priority of use of the distinctive MADE FOR MORE mark as to Hollis Co.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 60.

**PARAGRAPH NO. 61:** Hollis Co. has used, authorized and/or directed the use of the MADE FOR MORE mark in connection with the promotion, sale, offering for sale, distribution or advertising of goods and/or services. The marks are identical and used in the promotion, sale and advertisement of identical and related personal development and self-help products and services, are targeted at the same audience, and Hollis Co.'s adoption of the MADE FOR MORE mark for its lifestyle brand of products and services was willful and with reckless disregard as to the likelihood of confusion.

**RESPONSE:** The Hollis Defendants deny that Plaintiff's purported mark is a valid trademark or that it functions as a source identifier. The Hollis Defendants deny the allegations in paragraph 61.

34

**PARAGRAPH NO. 62:** Hollis Co. directed the use of the MADE FOR MORE mark despite knowing that Manna For Life owns the rights to the MADE FOR MORE mark, and on information and belief, at least in part because of that prior use and success by Manna For Life.

**RESPONSE:** The Hollis Defendants deny that Plaintiff's purported mark is a valid trademark or that it functions as a source identifier. The Hollis Defendants deny the allegations in paragraph 62.

**PARAGRAPH NO. 63:** Hollis Co.'s use of the MADE FOR MORE mark has caused confusion in the marketplace, is likely to cause both confusion and mistake, and is likely to deceive consumers or result in the belief that Hollis Co. is legitimately connected with, sponsored by, affiliated with, or licensed or approved by, Manna For Life. The mark used by Hollis Co. is identical in sound, appearance, and meaning to Manna For Life's trademark, is used for identical and related goods and services, and is targeted to the same customers via the same promotional channels.

**RESPONSE:** The Hollis Defendants deny that Plaintiff's purported mark is a valid trademark or that it functions as a source identifier. The Hollis Defendants deny the allegations in paragraph 63.

**PARAGRAPH NO. 64:** Such use was done willfully and with knowledge that such use would and was likely to cause confusion and deceive the relevant audience. Hollis Co. was also counting on the reverse confusion flooding the market, overpowering Manna for Life, and ultimately hopeful that it would simply force Manna for Life as the senior user to abandon its superior trademark rights to Hollis Co.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 64.

**PARAGRAPH NO. 65:** As a direct and proximate result of Hollis Co.'s trademark infringement, Manna For Life has been damaged within the meaning of 15 U.S.C. § 1114 et seq. Manna For Life has been damaged by both forward and reverse confusion.

35

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 65.

**PARAGRAPH NO. 66:** Manna For Life has suffered damages in an amount to be established after proof at trial or in the statutory amount. Statutory damages are also justified from the date of Manna For Life's June 14, 2018 application date, because Hollis Co. had notice of the application and its senior rights and knew as of that date that her use was infringing a mark that would eventually mature into a registered mark. Notably, Hollis Co. did not file any opposition to Manna For Life's application, even though it was cited in suspension of Hollis Co.'s MADE FOR MORE application. Statutory damages up to the maximum for willful infringement are warranted.

**RESPONSE:** The Hollis Defendants admit that they did not file an opposition to Manna For Life's application, but deny the remaining allegations in paragraph 66.

**PARAGRAPH NO. 67:** Manna For Life is further entitled to disgorge Hollis Co.'s profits for its willful sales and unjust enrichment. Such disgorgement is necessary due to willful infringement, unjust enrichment and/or to deter future infringement by Hollis Co. and similarly-situated junior users including under the guidance of the recent Supreme Court explication of profit disgorgement in *Romag Fasteners, Inc. v. Fossil, Inc.*, 590 U.S.____(2020).

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 67.

**PARAGRAPH NO. 68:** This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Hollis Co.'s acts were malicious, deliberate and willful, and taken in bad faith, entitling Manna For Life to its attorney's fees and an enhancement of damages, including a trebling of its damages and/or disgorged profits. Despite actual notice of Manna For Life's prior and extensive use and federal application in the MADE FOR MORE mark, Hollis Co. continued use of the infringing mark for identical products and services. Such usage has continued even after Manna For Life's MADE FOR MORE mark was successfully registered with the USPTO.

1    **RESPONSE:** The Hollis Defendants deny the allegations in paragraph 68.

2    **PARAGRAPH NO. 69:** As a direct result of Hollis Co.'s willful and unlawful

3    actions, Manna For Life has suffered and continues to suffer irreparable harm and

4    damages, including damage to and diminution in value of the MADE FOR MORE

5    mark, necessary corrective advertising, lost sales, tarnishment, and loss of brand

6    control. Manna For Life's remedy at law is not adequate to compensate for injuries

7    inflicted by Hollis Co. Thus, Manna For Life is entitled to temporary, preliminary and

8    permanent injunctive relief.

9    **RESPONSE:** The Hollis Defendants deny the allegations in paragraph 69.

10                                SECOND COUNT

11   FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF

12        ORIGIN UNDER THE LANHAM ACT IN VIOLATION OF

13                          15 U.S.C. § 1125

14

15   **PARAGRAPH NO. 70:** Manna For Life repeats and re-alleges all allegations

16   in this Complaint as if fully set forth herein.

17   **RESPONSE:** The Hollis Defendants repeat and re-allege all responses in this

18   Answer as if fully set forth herein.

19   **PARAGRAPH NO. 71:** Manna For Life is the owner of the MADE FOR

20   MORE mark.

21   **RESPONSE:** The Hollis Defendants deny that Plaintiff's purported mark is a

22   valid trademark or that it functions as a source identifier. The Hollis Defendants deny

23   the remaining allegations of paragraph 71.

24   **PARAGRAPH NO. 72:** Hollis Co.'s use of the MADE FOR MORE mark has

25   caused confusion in the marketplace, is likely to cause both confusion and mistake,

26   and is likely to deceive consumers or result in the belief that Hollis Co. is legitimately

27   connected with, sponsored by, or licensed or approved by, Manna For Life; the mark

28   used by Hollis Co. is identical in sound, appearance and meaning to Manna For Life's

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

trademark, is used for identical and related goods and services, and is targeted to the same customers via the same promotional channels.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 72.

**PARAGRAPH NO. 73:** Such use was done willfully and with knowledge that such use would and was likely to cause confusion and deceive the relevant audience.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 73.

**PARAGRAPH NO. 74:** As a direct and proximate result of Hollis Co.'s trademark infringement and false designation of origin, Manna For Life has been damaged within the meaning of 15 U.S.C. § 1125(a).

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 74.

**PARAGRAPH NO. 75:** Manna For Life has suffered damages in an amount to be established after proof at trial.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 75.

**PARAGRAPH NO. 76:** Manna For Life is further entitled to disgorge Hollis Co.'s profits for its willful sales and unjust enrichment. In addition, disgorgement is warranted to deter further infringement by Hollis Co. and others similarly situated.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 76.

**PARAGRAPH NO. 77:** This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Hollis Co.'s acts were malicious, deliberate and willful, and taken in bad faith, entitling Manna For Life to its attorney's fees and an enhancement of damages, including a trebling of its damages and/or disgorged profits.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 77.

**PARAGRAPH NO. 78:** As a direct result of Hollis Co.'s willful and unlawful actions, Manna For Life has suffered and continues to suffer irreparable harm, including damage to and diminution in value of the MADE FOR MORE mark. Manna For Life's remedy at law is not adequate to compensate for injuries inflicted by Hollis

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

Co. Thus, Manna For Life is entitled to temporary, preliminary and permanent injunctive relief.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 78.

THIRD COUNT

COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

**PARAGRAPH NO. 79:** Manna For Life repeats and re-alleges all allegations in this Complaint as if fully set forth herein.

**RESPONSE:** The Hollis Defendants repeat and re-allege all responses in this Answer as if fully set forth herein.

**PARAGRAPH NO. 80:** Manna For Life has federal and common law trademark rights throughout the entire United States to the MADE FOR MORE mark, including, but not limited to under the common law of the State of California.

**RESPONSE:** The Hollis Defendants deny that Plaintiff's purported mark is a valid trademark or that it functions as a source identifier. The Hollis Defendants deny the remaining allegations of paragraph 80.

**PARAGRAPH NO. 81:** Hollis Co. has committed acts of unfair competition, including trademark infringement, unlawful business practices and related misconduct referred to in this Complaint. These actions constitute unlawful, unfair or fraudulent business acts or practices, and/or unfair, deceptive, untrue or misleading business practices. The actions cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services and were done in connection with sales or advertising. These actions were intentional and knowing acts of infringement through use of the MADE FOR MORE mark.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 81.

**PARAGRAPH NO. 82:** As a direct and proximate result of Hollis Co.'s wrongful acts, Manna For Life has suffered and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill. As

39

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

such, Manna For Life's remedy at law is not adequate to compensate for injuries inflicted by Hollis Co. Accordingly, Manna For Life is entitled to temporary, preliminary and permanent injunctive relief.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 82.

**PARAGRAPH NO. 83:** By reason of such wrongful acts, Manna For Life is, was, and will be in the future, deprived of, among other damages, the profits and benefits of business relationships, agreements, and transactions with various third parties and/or prospective business relationships. Hollis Co. has wrongfully obtained profit and benefits instead of Manna For Life. Manna For Life is entitled to compensatory damages and disgorgement of Hollis Co.'s said profits in an amount to be proven at trial. In addition, profits should be disgorged as deterrence, for willful infringement, and unjust enrichment. The damages and/or profits awarded should be enhanced or trebled.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 83.

**PARAGRAPH NO. 84:** Such acts as those alleged above were done with malice and oppression, thus entitling Manna For Life to exemplary and punitive damages for common law unfair competition and trademark infringement.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 84.

**PARAGRAPH NO. 85:** Manna For Life is entitled to its reasonable attorneys' fees under California state law.

**RESPONSE:** The Hollis Defendants deny the allegations in paragraph 85.

ANSWER TO PRAYER FOR RELIEF

**RESPONSE:** The Hollis Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint.

**II.**

**AFFIRMATIVE DEFENSES**

Without altering the burden of proof, the Hollis Defendants assert the defenses set forth below.  These defenses are asserted based on a preliminary investigation of

40

the asserted allegations, which is not yet complete and will remain so pending discovery in this matter. The Hollis Defendants therefore reserve all affirmative defenses under Fed. R. Civ. P. 8(c), and any other defense at law or equity that may now exist or in the future be available based on discovery and further investigation.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action are barred, in whole or in part, because the Complaint fails to allege facts sufficient to constitute a claim for relief against the Hollis Defendants.

## SECOND AFFIRMATIVE DEFENSE

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## THIRD AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action are barred, in whole or in part, because the Hollis Defendants have not infringed any alleged trademark under federal or state law.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action are barred, in whole or in part, because the Hollis Defendants' actions did not cause a likelihood of confusion.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action are barred, in whole or in part, because the Hollis Defendants' actions were reasonable, justified, privileged and in good faith.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action are barred, in whole or in part, by the doctrines of waiver, acquiescence and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action contained therein, is barred, in whole

41

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

or in part, by the doctrines of unclean hands and in pari delicto.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action are barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action are barred, in whole or in part, by the doctrines of fair use, nominative fair use, merely descriptive use, and/or non-trademark use.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages, if any, and as a consequence, Plaintiff is not entitled to recover the damages alleged, or any other damages.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's alleged mark is protectable as a trademark, which the Hollis Defendants deny, and to the extent that the Hollis Defendants used any of the terms at issue in a way that would otherwise violate Plaintiff's alleged trademark rights, which the Hollis Defendants deny, on information and belief Plaintiff's claims against the Hollis Defendants are barred in whole or in part by the Hollis Defendants' priority of use.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment because Plaintiff's claimed mark, "Made for More" is a widely and historically used term and phrase in spirituality and self-help.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the grounds that the alleged mark is not associated by the public with any particular source and is otherwise generic terms, which render Plaintiff's alleged mark void and unenforceable.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the grounds that Plaintiff's

42

alleged mark is, and at all relevant times was, merely descriptive and lacks secondary meaning; as set forth in the Hollis Defendants' counterclaims, Plaintiff's registrations should be canceled.

### FIFTEENTH AFFIRMATIVE DEFENSE

Without admitting that the Complaint states a claim, damages, if any, were not proximately or legally caused by any actions of the Hollis Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Hollis Defendants allege that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and California because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States Constitutions; specifically, the First Amendment to the United States Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under the California Constitution; (iv) any such award is precluded or limited pursuant to the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and California Constitutions and common law because such an award is based from procedures that are vague, open-ended, unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief on any of its causes of action because

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

any alleged injury to Plaintiff is not immediate or irreparable, and it has an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because it has engaged in trademark misuse with respect to its alleged mark.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the alleged mark at issue has been or is being used to violate the antitrust laws of the United States and Plaintiff seeks to create a statewide and/or nationwide monopoly on the use of common words, terms and phrases, including specifically that spiritually humans were made for more, as opposed to asserting a claim to a mark only.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the grounds that the alleged mark is functional.

## ATTORNEYS' FEES

Plaintiff's actions make this an exceptional case under the Lanham Act and, therefore, Defendants are entitled to its attorneys' fees under the Lanham Act and any other applicable law.

## JURY DEMAND

The Hollis Defendants hereby demand a jury trial on all issues so triable.

WHEREFORE, the Hollis Defendants pray for judgment as follows:

1.      That Plaintiff take nothing by its claims and that Plaintiff's claims be dismissed with prejudice;

2.      That judgment be entered in favor of the Hollis Defendants and against Plaintiff;

3.      That the Hollis Defendants have a judgment in their favor for their costs and reasonable attorneys' fees incurred in this matter; and

1         4.     For such other and further relief as the Court may deem just and proper.

2

3    **COUNTERCLAIM**

4         Defendants and Counterclaim-plaintiffs The Hollis Company, LLC, Rachel

5    Hollis, and Dave Hollis ("the Counterclaim-plaintiffs"), submit this Counterclaim

6    against The Manna Ko Group, Inc. d/b/a Manna for Life ("Counterclaim-defendant"

7    or "Manna for Life") and allege as follows:

8    **<u>NATURE OF THE ACTION</u>**

9         Through this action Counterclaim-plaintiffs seek cancellation of counterclaim-

10   defendant Manna for Life's federal trademark registration for MADE FOR MORE

11   pursuant to 15 U.S.C. § 1119.  Upon information and belief, Manna for Life sells a

12   limited number of books and motivational speaking services in the field of spirituality

13   that encourage people to understand they are made for more, which Manna for Life

14   neither originated nor popularized.  Though Manna for Life purports to own

15   trademark rights in the phrase by virtue of use and a very recent registration, in fact, it

16   does not own any valid or enforceable rights.  Here, the phrase is incapable of

17   functioning as a trademark as it is at best a merely descriptive phrase used by various

18   churches, spiritual groups and others to encourage personal growth.  Manna for Life's

19   alleged mark is invalid and unenforceable because the phrase has not acquired

20   secondary meaning, nor does it serve as an indicator of the source of Manna for Life's

21   services or products.

22        Rather than compete on the strength of its own products and services, Counter-

23   defendant  Manna for Life now tries to wrongfully maintain a monopoly on a well-

24   known and long-used spiritual phrase derived from biblical text.  Manna for Life's

25   aggressive litigation strategy is without merit and based on rights it does not hold and

26   cannot enforce.  Accordingly, Counter-plaintiffs seek cancellation of the registration

27   and a declaration that Counter-defendant Manna for Life does not have any valid

28   trademark or common-law rights in the phrase.

45

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

**THE PARTIES**

1.      The Hollis Company, LLC is a Texas corporation with a principal place of business at 6900 Scenic Brook Drive, Austin, Texas.

2.      Rachel Hollis resides in Texas.

3.      Dave Hollis resides in Texas.

4.      On information and belief, The Manna Ko Group, Inc. is a California corporation with its principal place of business in Del Mar, California.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over the Counter-plaintiffs' counterclaims pursuant to 28 U.S.C. § 1331 (federal question), § 1338(a) (trademark), and § 1367 (supplemental jurisdiction).

6.      This Court has personal jurisdiction over Counter-defendant because, on information and belief, Counter-defendant's principal place of business is within this judicial district and it is a citizen of the State of California.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c). In addition, by filing the above-captioned lawsuit against the Counter-plaintiffs in this district, Manna For Life has voluntarily submitted to this Court's lawful authority for all claims arising out of the same transaction or operative facts.

**ALLEGATIONS**

8.      Counter-defendant has sued the Counter-plaintiffs for federal Lanham Act and common law claims concerning the phrase "made for more."  Accordingly, a real and justiciable controversy exists between Counter-defendant and the Counter-plaintiffs regarding whether Counter-defendant has valid trademark rights.

9.      On information and belief, the United States Patent and Trademark Office ("USPTO") issued a trademark registration, Reg. No. 6,110,423 for the phrase "made for more" identifying Counter-defendant as the owner.

10.     The registration purports to be for use on or in connection with "Books in the field of spirituality and self-help; Children's books; Cook books; Religious books;

46

Series of fiction and non-fiction books on a variety of topics" in Class 16 and "Educational and entertainment services, namely, providing motivational speaking services in the field of spirituality, relationship issues, child rearing, health and wellness, business and personal development, leadership and self-help; Educational services, namely, conducting online courses, in person courses, training, coaching, workshops, organizational events in the field of leadership, self-help, personal development, business development, team training, health and wellness, relationship issues, child rearing, and spirituality and distribution of course and educational materials in connection therewith; Entertainment services, namely, providing podcasts in the field of self-help, relationship issues, child rearing, leadership, mentoring, spirituality, and personal and business growth" in Class 41.

11.    Counter-defendant's alleged mark "made for more" is a merely descriptive term that lacks secondary meaning.

12.    For years, churches, self-help groups, and even clothing companies across the country—in spiritual teaching series and seminars, books and ad campaigns—exhorted that, in this life, we are "made for more." Several religious and spiritual groups have used the term "made for more" broadly to signify a life of more intention, direction, and significance. Indeed, the use of this common phrase continues to grow exponentially, with religious organizations located in Illinois, Michigan, Ohio, Pennsylvania, South Carolina and Texas broadcasting the made for more message to their church-goers and across the internet.

13.    In the face of the widespread use of this well-known phrase, Counter-defendant here attempts to argue it owns the exclusive right to use the message in connection with services in the field of spirituality and for books. In October 2015, long after the message was in popular distribution across the United States, Counter-defendant published a book titled "Made for More"—which at that point was at least the *8th* book in the US with that phrase in the title.

47

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

14.     Defendant Hollis Co. applied for "Made for More" just days after Plaintiff's application (6/21/2018), asserting a first use date of at least as early as 1/2018 in the classes for jewelry *("bracelets and pins"),* apparel *("hats"),* and entertainment *("live event series featuring inspiring stories of women"),* all of which is inspired or led by *"public figure and influencer Rachel Hollis."*

15.     As set out below, this case fails because, among other reasons, Counter-defendant cannot show it owns a legally protectable mark because the message is merely descriptive without secondary meaning, and is otherwise not distinctive or protectable.

## CLAIMS FOR RELIEF

## Count I: Trademark Cancellation

16.     The Counter-plaintiffs reallege and incorporate by reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

17.     A trademark registration may be cancelled on the grounds that the trademark is generic, merely descriptive without secondary meaning, or otherwise is not distinctive.  See 15 U.S.C. §§ 1119, 1064(3); *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 148 (N.D. Cal. 2020). Counter-defendant's alleged mark is a merely descriptive phrase for spirituality and self-help and does not have and, at all relevant times did not have, secondary meaning.  It is therefore incapable of serving as a trademark.

18.     In addition, pursuant to 15 U.S.C. §§ 1051, 1052 and 1127, terms that are merely informational, terms that are common laudatory phrases, or statements that would ordinarily be used in business or in a particular trade or industry are not registrable.  The phrase "made for more" along with similar variants, is a merely informational term, or a common laudatory phrase or statement ordinarily used in religious institutions and spiritual organizations to provide biblically inspired encouragement for self-help.  The Counter-plaintiff's purported mark does not convey

48

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

commercial impression of a trademark, is not inherently distinctive and has acquired no distinctiveness.

19.     Counter-plaintiffs have been and will be damaged by Counter-defendant's continued registration because Counter-defendant filed an infringement lawsuit based on the alleged mark and is relying on the registration in support of its claims.  The registration also gives Counter-defendant the color of exclusive rights to which it is not entitled.

20.     Based on the foregoing, the Counter-plaintiffs respectfully request that the Court enter an order cancelling Registration No. 6,110,423 pursuant to 15 U.S.C. § 1064 and 15 U.S.C. § 1119.

### Count II: Declaratory Relief

21.     The Counter-plaintiffs reallege and incorporate by reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

22.     Counter-defendant claims exclusive rights in the phrase "made for more", including the rights that arise from registration and all common-law rights thereto.

23.     The Counter-defendant's registration should be cancelled and the claimed common-law rights in the phrase should be deemed invalid and unenforceable on one or more of the grounds set forth in the Counter-plaintiffs' affirmative defenses or Counterclaim for cancellation, above.  Manna for Life therefore (i) does not have valid trademark rights, registered or otherwise, to the alleged mark at issue; and (ii) cannot claim or assert common-law rights to such phrase.  Through its claims, Manna for Life has asserted the validity and enforceability of the alleged mark.

24.     Accordingly, there is an actual and justiciable controversy between the parties as to the validity of Counter-defendant's alleged mark and Counter-plaintiffs' use of such phrase.

25.     Based on the foregoing, Counter-plaintiffs are therefore entitled to a declaration that Manna for Life does not have any valid trademark registration or other common-law rights to the phrase made for more at issue in this action.

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

## JURY DEMAND

The Counter-plaintiffs hereby demand a jury trial on all issues.

## PRAYER FOR RELIEF

WHEREFORE, the Counter-plaintiffs pray for the following relief:

1.     Cancellation of Reg. No. 6,110,423 pursuant to 15 U.S.C. §§ 1119 and 1064;

2.     A declaration by this Court that Counter-defendant Manna for Life does not have any valid trademark registration or other common-law rights to the phrase "made for more";

3.     An award to the Counter-plaintiffs of all its attorneys' fees as prevailing party pursuant to 15 U.S.C. § 1117(a);

4.     An award to the Counter-plaintiffs of its costs; and

5.     Any other and further relief as this Court may deem just and proper.


Dated:  December 10, 2020

FORD, WALKER, HAGGERTY & BEHAR


BY:_____
          /S/ WILLIAM C. HAGGERTY

WILLIAM C. HAGGERTY
KATHERINE M. HARWOOD
Attorneys for Defendants,
THE HOLLIS COMPANY, LLC;
RACHEL HOLLIS and DAVID HOLLIS

JACKSON WALKER, LLP


BY: _____
     /S/ WILLIAM C. HAGGERTY FOR

CARL C. BUTZER
SHANNON ZMUD TEICHER
Attorneys for Defendants,
THE HOLLIS COMPANY, LLC;
RACHEL HOLLIS and DAVID HOLLIS

ANSWER TO COMPLAINT AND COUNTER CLAIM; JURY DEMAND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE BY MAIL – F.R.Civ.P. 5)
Manna Ko Group v. Hollis Group
USDC Case No.:  3:20-cv-1798-WQH (MSB)
1MM20 020

UNITED STATES DISTRICT COURT                    )
                                                                          )
SOUTHERN DISTRICT OF CALIFORNIA                    )

       I am employed in the aforesaid county;  I am over the age of eighteen years and not a party to the within entitled action; my business address is:  One World Trade Center, Twenty-Seventh Floor, Long Beach, California   90831-2700

       On December 10, 2020 I served the within:   ANSWER TO COMPLAINT FOR FEDERAL REGISTERED TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114; FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125; AND FEDERAL COMMON LAW TRADEMARK INFRINGEMENT AND COUNTER CLAIM; JURY DEMAND on the interested parties in said action,

**SEE ATTACHED SERVICE LIST**

____ by personally delivering it to the person(s) indicated below in the manner as provided in FRCivP5(b);

____ by depositing it in the United States Mail at Long Beach, California, in a sealed envelope with the postage fully prepaid to the following;

_ X __  (BY ELECTRONIC SERVICE) I caused such document to be Electronically Served on all parties through the CM/ECF United States District Southern District Court website, for the above-entitled case.  This service complies with CCP § 1010.6.  The file transmission was reported as complete and a copy of the "Filing Receipt" page will be maintained with the original document in our office.

____ I hereby certify that I am a member of the Bar of the United States District Court, Southern District of California.

_ XX_  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

_ XX_  I hereby certify under the penalty of perjury that the foregoing is true and correct.

       Executed on December 10, 2020 at Long Beach, California.

*Diana Boyadjian*
Diana Boyadjian

1

PROOF OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Manna Ko Group v. Hollis Group
USDC Case No.:  3:20-cv-1798-WQH (MSB)
1MM20 020

**Mailing List**

**<u>Attorneys for Plaintiff THE MANNA KO GROUP, INC., a California corporation</u>**

Ben Lewis Wagner, Esq., SBN 243594
Troutman Pepper Hamilton Sanders, LLP
11682 El Camino Real, Suite 400
San Diego, California   92130-2092

(619) 200-6947 (cell-best number to reach)
(858) 509-6010 (direct dial)
(858) 509-6000 (main-office)
(858) 509-6040 (facsimile)

Ben.wagner@troutman.com

2

PROOF OF SERVICE